NOTICE

Decision filed 09/16/08. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

NO. 5-06-0507

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | |
|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, ) | Appeal from the |
| ) | Circuit Court of |
|    Plaintiff-Appellee, ) | Shelby County. |
| ) | |
| v. ) | No. 03-CF-98 |
| ) | |
| PAMELA WILLIAMSON, ) | Honorable |
| ) | David W. Slater, |
|    Defendant-Appellant. ) | Judge, presiding. |

_____

JUSTICE WELCH delivered the opinion of the court:

On July 22, 2003, the defendant, Pamela Williamson, was charged under the Illinois Controlled Substances Act (720 ILCS 570/100 *et seq.* (West 2002)) with the unlawful manufacture of more than 400 but less than 900 grams of a substance containing methamphetamine, a Class X felony punishable by a term of imprisonment of between 12 and 50 years (720 ILCS 570/401 (West 2002)). Following a jury trial in the circuit court of Shelby County, the defendant was found guilty, and on June 16, 2004, she was sentenced to a term of imprisonment of 15 years. Her motions for a sentence reduction and for a new trial were denied, and on February 28, 2005, the defendant filed a notice of appeal.

On September 11, 2005, while the defendant's direct appeal was pending, the Methamphetamine Control and Community Protection Act (the Act) (720 ILCS 646/1 *et seq.* (West 2006)) became law. The Act removed the control of methamphetamine from the Illinois Controlled Substances Act, established new offenses relating to methamphetamine, and contained new sentencing provisions for those offenses. It specifically provides as follows:

1

"Applicability. A prosecution for any violation of law occurring prior to the effective date of this Act is not affected or abated by this Act. If the offense being prosecuted would be a violation of this Act[] and has not reached the sentencing stage or final adjudication, then for purposes of penalty the penalties under this Act apply if they are less than under the prior law upon which the prosecution was commenced." 720 ILCS 646/105 (West 2006).

In light of this provision of the Act, on June 16, 2006, the defendant filed a *pro se* motion for resentencing under the Act. The motion argued that under the Act the defendant would have been more appropriately prosecuted only for the newly created offenses of possessing methamphetamine-manufacturing material (720 ILCS 646/30 (West 2006)) and/or unlawful disposal of methamphetamine-manufacturing waste (720 ILCS 646/45 (West 2006)), both Class 2 felonies punishable by a term of imprisonment of three to seven years. See 730 ILCS 5/5-8-1(a)(5) (West 2006). The motion argued that had the Act been in effect at the time of her prosecution, the defendant might have been found not guilty of manufacture, a Class X felony, but guilty of possessing methamphetamine-manufacturing material and/or unlawful disposal of methamphetamine-manufacturing waste, both Class 2 felonies. Because the penalty for a Class 2 felony is less than the penalty she received for her conviction of a Class X felony, the motion sought resentencing under the Act as provided in section 105 (720 ILCS 646/105 (West 2006)).

On August 30, 2006, the circuit court of Shelby County denied the defendant's motion for resentencing under the Act for the following reasons:

"1. The Motion for Resentencing is Denied. The Motion is untimely filed as the sentence was entered 6/22/04 [*sic*] and the Motion was filed 6/16/06.

2. The Motion is based on a new offense being added to the Criminal Code which was not in existence on the date of the offense, the date of the trial, or the date

2

of the sentencing. The new offense was added to the Criminal Code with an effective date of 9/11/05. The Defendant now requests a new sentencing based on a new statute, not the one she was charged with, convicted of, and sentenced for.

3. The Court is ruling on this motion without a hearing as the Motion is untimely[] and concerns an issue of law with no valid legal basis."

The defendant filed her notice of appeal on September 21, 2006. On March 6, 2007, the defendant's conviction and sentence were affirmed on direct appeal. *People v. Williamson*, No. 5-05-0112 (2007) (unpublished order under Supreme Court Rule 23 (166 Ill. 2d R. 23)). We now affirm the denial of her motion for resentencing under the Act. Because the issue on appeal involves only a question of law, the proper interpretation of the Act, our review is *de novo*. See *People v. Maggette*, 195 Ill. 2d 336, 348 (2001).

The defendant was charged under the Illinois Controlled Substances Act with the unlawful manufacture of between 400 and 900 grams of methamphetamine. The sentence provided under the Illinois Controlled Substances Act for this Class X felony was a term of imprisonment between 12 and 50 years. 720 ILCS 570/401(a)(6.5)(C) (West 2002). The defendant received a sentence of 15 years' imprisonment.

The Act contains an identical offense, participation in methamphetamine manufacturing, which is also classified as a Class X felony with a possible range of imprisonment between 12 and 50 years. 720 ILCS 646/15(a)(2)(D) (West 2006).

By its own terms, section 105 of the Act applies only if the penalties thereunder are less than the penalties under the prior law upon which the prosecution was commenced. 720 ILCS 646/105 (West 2006). In the case of the manufacture of methamphetamine, the penalties under the Illinois Controlled Substances Act and the Methamphetamine Control and Community Protection Act are identical. Accordingly, the Methamphetamine Control and Community Protection Act does not apply and the defendant was not entitled to, and would

3

not benefit from, resentencing under that act. The circuit court did not err in denying the defendant's motion for resentencing under that act.

On appeal, the defendant attacks the circuit court's finding of untimeliness, arguing that because her direct appeal was still pending, the motion for resentencing was timely because her case had not yet reached "final adjudication." We need not decide this issue because, in addition to finding that the defendant's motion was not timely filed, the circuit court also found that it had no valid legal basis. Even if the defendant's motion for resentencing is deemed timely, the resentencing provision of the Act does not apply where the penalties under the Act are not lesser than those under the Illinois Controlled Substances Act under which the prosecution was commenced.

The defendant makes a speculative and specious argument that had the Act been in effect at the time of her prosecution, she would have been prosecuted and found guilty only of possessing methamphetamine-manufacturing material and/or unlawful disposal of methamphetamine-manufacturing waste, and not of manufacturing methamphetamine. She argues, "[T]he legislature's creation of these offenses and the Act's authorization of retroactive application provide a window for defendant and others whose methamphetamine convictions were not final when the Act became law[] to request resentencing to a lesser sentence under Section 105." We note that a plain reading of section 105 does not lead to the conclusion that the defendant is entitled to be sentenced for a lesser crime for which she was neither prosecuted nor convicted just because that crime has been newly created by the Act. To the contrary, section 105 clearly states, "A prosecution for any violation of law occurring prior to the effective date of this Act is not affected or abated by this Act." 720 ILCS 646/105 (West 2006). By its own terms, section 105 applies only to the penalty to be imposed for the prior conviction: "*for purposes of penalty* the penalties under this Act apply if they are less than under the prior law upon which the prosecution was commenced."

4

(Emphasis added.) 720 ILCS 646/105 (West 2006).

The defendant does not argue that she was not proved guilty beyond a reasonable doubt of the unlawful manufacture of between 400 and 900 grams of a substance containing methamphetamine. A defendant is not entitled by section 105 to have her conviction reduced to a lesser *offense*, one for which she was neither prosecuted nor convicted. Section 105 applies only to the *penalty* to be imposed to that prior conviction. Accordingly, we reject the defendant's argument.

The circuit court did not err in denying the defendant's motion for resentencing under section 105 of the Act, and its order is hereby affirmed.

Affirmed.

DONOVAN and WEXSTTEN, JJ., concur.

NO. 5-06-0507

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

THE PEOPLE OF THE STATE OF ILLINOIS, ) Appeal from the
) Circuit Court of
    Plaintiff-Appellee, ) Shelby County.
)
v. ) No. 03-CF-98
)
PAMELA WILLIAMSON, ) Honorable
) David W. Slater,
    Defendant-Appellant. ) Judge, presiding.

_____

**Opinion Filed**:          September 16, 2008

_____

**Justices**:     Honorable Thomas M. Welch, J.

           Honorable James K. Donovan, J., and
           Honorable James M. Wexstten, J.,
           Concur

_____

**Attorneys**     Daniel M. Kirwan, Deputy Defender, Edwin J. Anderson, Assistant Defender, Office
**for**           of the State Appellate Defender, Fifth Judicial District, 117 North Tenth Street, Suite
**Appellant**    #300, Mt. Vernon, IL 62864

_____

**Attorneys**     Honorable Alan Lolie, Shelby County State's Attorney, Shelby County Courthouse,
**for**           Shelbyville, IL 62565; Norbert J. Goetten, Director, Stephen E. Norris, Deputy
**Appellee**     Director, Patrick D. Daly, Staff Attorney, Office of the State's Attorneys Appellate
             Prosecutor, 730 E. Illinois Highway 15, Suite 2, P.O. Box 2249, Mt. Vernon, IL
             62864

_____